IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAYMOND ROSCOE,                    *
                                   *
        Plaintiff,                 *
                                   *
vs.                                *   CIVIL ACTION NO. 21-00296-TFM-B
                                   *
ALEJANDRO MAYORKAS,                *
Secretary, Department of           *
Homeland Security,                 *
                                   *
        Defendant.                 *

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to
Dismiss Complaint (Doc. 10). The motion, which has been fully
briefed, has been referred to the undersigned Magistrate Judge for
entry of a report and recommendation pursuant to 28 U.S.C. §
636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration
of all matters presented, the undersigned recommends, for the
reasons stated herein, that Defendant's motion be **GRANTED,** and
that this action be **DISMISSED with prejudice.**

## I.   BACKGROUND

Plaintiff Raymond Roscoe ("Roscoe") is an employee of the
United States Department of Homeland Security ("DHS" or "Agency").
(Doc. 1 at 1). He began working as a civilian custodian at U.S.

Coast Guard[1] Sector Mobile ("Sector Mobile") in 2007.  (Id. at 2-3; Doc. 1-1 at 21).

Roscoe initiated contact with a DHS EEO counselor in 2014. (Doc. 1-1 at 18, 29-30).  After an internal Agency investigation found no evidence of discrimination or misconduct by his alleged harassers, Roscoe filed an informal complaint with the DHS EEO office on August 8, 2014. (Id. at 18, 29-30, 37).  On October 14, 2014, Roscoe filed a formal complaint of discrimination against DHS.  (Id. at 18, 34).  Roscoe alleged that the Agency discriminated against him based on his race and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").  (Id. at 18). He subsequently requested a hearing with the U.S. Equal Employment Opportunity Commission ("EEOC").  (Id.).  In March 2017, an Administrative Judge ("AJ") from the EEOC's Birmingham District Office held a hearing by videoconference.  (Id. at 2, 19).

On August 5, 2020, the EEOC AJ issued an Order Entering Judgment and Decision on Liability and Relief.  (Id. at 2, 11-63). In the decision, the AJ noted that the issue before the EEOC was "[w]hether [Roscoe] was discriminated against and harassed based on race and reprisal."  (Id. at 19).  The AJ found that while Roscoe had not established that he was subjected to harassment

---

[1] The Coast Guard is a component agency of the Department of Homeland Security.

based on race, he did establish that he was subjected to retaliatory discrimination and harassment/hostile work environment with respect to incidents that occurred on or after September 24, 2014. (Id. at 37-54). For relief, the EEOC AJ ordered DHS to: (1) pay Roscoe $40,000 in non-pecuniary compensatory damages; (2) present live training on Title VII prohibitions against retaliation to all Sector Mobile employees; (3) issue and provide a document to each Sector Mobile employee regarding Title VII prohibitions against retaliation; (4) issue and email to each Sector Mobile employee a specific EEOC notice regarding Title VII prohibitions; and (5) post copies of the document and notice identified in items #3 and #4 above in conspicuous places in Sector Mobile. (Id. at 11-13, 61-62). The EEOC AJ's decision was accompanied by a notice informing Roscoe, *inter alia*, that EEOC regulations required the Agency to take final action on his complaint by issuing a final order within forty calendar days of receipt of the hearing file and the AJ's decision, and that Roscoe could appeal directly from the AJ's decision only if the Agency did not issue its final order within those forty days. (Id. at 14).

On September 3, 2020, the DHS Office for Civil Rights and Civil Liberties ("CRCL") issued a Final Order stating that it was the Agency's final decision to fully implement the EEOC AJ's decision and to order the Coast Guard to provide the relief

directed by the AJ.  (Id. at 1-9).  Included with the Final Order was a Notice of Appeal Rights.  (See id. at 1, 5-6).  The notice stated that Roscoe had the right to appeal the Agency's final decision to the EEOC or to file a civil action in federal district court.  (Id. at 5-6).  Specifically, the notice provided: "You have the right to appeal this decision to EEOC within 30 days of the day you receive this final decision." (Id. at 5).[2] The notice further provided: "*You also have the right to file a civil action in an appropriate United States District Court within 90 days after you receive this final decision if you do not appeal to EEOC*, or within 90 days after receipt of EEOC's final decision on appeal. You may also file a civil action after 180 days from the date of filing an appeal with EEOC if there has been no final decision by EEOC." (Id. at 6 (emphasis added)).  In the Certificate of Service, a CRCL EEO Specialist certified that "the foregoing final action, appeal rights, and appeal form were provided" to Roscoe via email on September 3, 2020.  (Id. at 9).  The Certificate of Service further provided: "For timeliness purposes, it shall be presumed that the parties received the foregoing on the date indicated below [i.e., September 3, 2020] if sent via email or within five (5) calendar days after the date indicated below if

_____

[2] An appeal form was included for Roscoe's use if he elected to appeal the Agency's final decision to the EEOC.  (See Doc. 1-1 at 6-8).

sent by regular or certified mail." (Id.). In a letter dated
April 6, 2021 and sent via email, the DHS CRCL notified Roscoe
that the Coast Guard had completed full implementation of the
actions ordered in the final agency decision. (Id. at 10).

Roscoe initiated this civil action by filing a complaint[3] on
July 1, 2021, alleging "discrimination, reprisal, hostile work
environment, disparate treatment, and retaliation." (Doc. 1 at
1). In his complaint, Roscoe alleges that he has been employed by
DHS since July 2007 and that the Agency discriminated against him
on account of his race, color, physical disability, and mental
disability.[4] (Id. at 2). Roscoe alleges that he filed charges
with the EEOC in "March 2015" and received a copy of the "Notice-
of-Right-to-Sue letter" issued by the EEOC on "05 August 2020."

---

[3] Roscoe, who is proceeding *pro se* in this matter, utilized this
Court's form complaint for employment discrimination actions.
(See Doc. 1).

[4] According to Roscoe, the discrimination "started on or about July
2014" and included the following:

> Individuals subjected me to a hostile working
> environment based on race, retaliation, and reprisal for
> reporting their discrimintory [sic] conduct in the work
> place. Their words & deeds caused me emotional distress
> & physical discomfort at the job. Addictonally [sic],
> their behavior and deeds caused injury to my character
> and standing on the Coommand [sic]. My health took a
> downward turn during this very difficult time. I
> trumatic emot [sic] I do not believe my professional
> standing has ever recovered from the events of their
> actions.

(Doc. 1 at 2-3).

(Id. at 3).  For relief, Roscoe seeks: "Reinstatement to my former job, and any other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees."[5]  (Id.). Roscoe attaches to his complaint: the EEOC AJ's Order Entering Judgment and Decision on Liability and Relief dated August 5, 2020, and accompanying documents; the Agency's Final Order dated September 3, 2020, and accompanying documents; and the DHS CRCL's letter dated April 6, 2021, notifying Roscoe that the Coast Guard had completed full implementation of the ordered relief.  (See Doc. 1-1).

On September 13, 2021, Defendant Alejandro Mayorkas, Secretary, Department of Homeland Security ("Defendant"),[6] filed the instant motion seeking dismissal of Roscoe's complaint.  (Doc. 10).  The motion has been fully briefed (see Docs. 12, 13) and is ripe for resolution.

---

[5] As noted supra, Roscoe remains employed by DHS at Sector Mobile and is proceeding pro se in this matter.  (See Doc. 1 at 2-3; Doc. 2 at 2).

[6] "Title VII provides that the 'head of the department, agency, or unit' that allegedly discriminated against the plaintiff 'shall be the defendant' in any civil action by a federal employee claiming discrimination."  Laurent v. Potter, 405 F. App'x 453, 455 (11th Cir. 2010) (per curiam) (quoting 42 U.S.C. § 2000e-16(c)); see also Canino v. U.S. E.E.O.C., 707 F.2d 468, 472 (11th Cir. 1983) ("[T]he head of the agency involved is the only appropriate defendant in the Title VII action under section 717.").

## II. __STANDARDS OF REVIEW__

Defendant's motion is brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (See Doc. 10). A Rule 12(b)(1) challenge to subject matter jurisdiction may take the form of a facial or factual attack on the complaint. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (per curiam). In a facial attack, the court simply must examine the complaint and determine whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, taking the plaintiff's allegations as true. Id. at 1529. In contrast, a factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings. Id. In a factual challenge to subject matter jurisdiction, the court may consider matters outside the pleadings and weigh conflicting evidence, and no presumption of truthfulness attaches to the plaintiff's allegations. Id.

"However, where, as here, a party moves to dismiss based on a failure to exhaust administrative remedies, the Eleventh Circuit has indicated a slightly different standard applies." Saenz v. Wilkie, 2019 U.S. Dist. LEXIS 143631, at *3-4, 2019 WL 3997077, at *2 (N.D. Ala. Aug. 23, 2019). Although a failure-to-exhaust defense is nonjurisdictional, it is like a defense for lack of jurisdiction because it "is a matter in abatement and not generally an adjudication on the merits[.]" Bryant v. Rich, 530 F.3d 1368,

1374 (11th Cir. 2008).  Thus, although failure to exhaust is not expressly mentioned as a defense under Rule 12(b), defendants should raise a failure-to-exhaust defense in a motion to dismiss. Id. at 1375.  Deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process:

> First, the court must look to the factual allegations in
> the defendant's motion and the plaintiff's response,
> taking the plaintiff's version of the facts as true to
> the extent that it conflicts with that of the defendant.
> If the complaint is not subject to dismissal at this
> step, the court must then make specific findings to
> resolve the parties' factual disputes, and determine
> whether the defendant bore its burden of proving that
> the plaintiff failed to exhaust his administrative
> remedies.

Basel v. Sec'y of Def., 507 F. App'x 873, 875 (11th Cir. 2013) (per curiam) (internal citation omitted).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Although a complaint "does not need detailed factual

allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). While a court must accept as true a plaintiff's well-pleaded factual allegations, it is not required to accept a plaintiff's legal conclusions. Id. A court reviewing a motion to dismiss under Rule 12(b)(6) is typically limited to the four corners of the complaint and exhibits attached thereto. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

## III. __ANALYSIS__

### A.   __Roscoe's Title VII Claims are Time-Barred.__

Defendant first argues that Roscoe's Title VII claims for discrimination/disparate treatment based on race and color,[7] hostile work environment, and retaliation/reprisal are time-barred because he filed his complaint more than ninety days after receiving the Agency's final decision, which was issued on September 3, 2020.  (Doc. 10 at 5-6).

A federal employee may file a civil action under Title VII "[w]ithin 90 days of receipt[8] of notice of final action taken by a department, agency, . . . or by the [EEOC] . . . ."  42 U.S.C. § 2000e-16(c); __see also__ 29 C.F.R. § 1614.407(a) ("A complainant who has filed an individual complaint . . . is authorized under title VII . . . to file a civil action in an appropriate United States District Court: (a) Within 90 days of receipt of the agency final action on an individual . . . complaint[.]"; __Taylor v. Espy__, 816 F. Supp. 1553, 1559 (N.D. Ga. 1993) ("[A] federal employee must

---

[7] Title VII prohibits discrimination in federal employment based upon race or color.  __Thomas v. Miami Veterans Med. Ctr.__, 290 F. App'x 317, 318 (11th Cir. 2008) (per curiam) (citing 42 U.S.C. § 2000e-16(a)).

[8]  The Eleventh Circuit applies "a case-by-case approach in determining what constitutes receipt and when the time is triggered[,]" in recognition of the requirement that a plaintiff "assume some minimal responsibility to ensure receipt." __Stallworth v. Wells Fargo Armored Servs. Corp.__, 936 F.2d 522, 524 (11th Cir. 1991).

now file a Title VII action within ninety (90) days of a notice of final action by the plaintiff's employing agency or the EEOC.").

Failure to file suit within the ninety-day statutory time period renders a plaintiff's Title VII claims untimely and subject to dismissal. See McCray v. Potter, 263 F. App'x 771, 773 n.5 (11th Cir. 2008) (per curiam) (finding that a claim brought by a Postal Service employee "was barred by Title VII's 90 day statute of limitations following final agency action"); Leonard v. Rumsfeld, 146 F. Supp. 2d 1227, 1239 (M.D. Ala. 2001) (dismissing federal employee's Title VII claims because employee commenced the action outside the ninety-day period allowed by § 2000e-16(c)), aff'd, 29 F. App'x 575 (11th Cir. 2001) (Table, No. 01-13847).

Filing within the ninety-day period is "a condition precedent subject to equitable tolling or waiver, rather than a jurisdictional bar." Jones v. Wynne, 266 F. App'x 903, 905 (11th Cir. 2008) (per curiam) (citing Fouche v. Jekyll Island–State Park Auth., 713 F.2d 1518, 1525–26 (11th Cir. 1983)). Once the defendant contests the issue of whether the plaintiff filed his complaint within ninety days of his receipt of the final agency decision, "the plaintiff has the burden of establishing that he met the ninety day filing requirement." Green v. Union Foundry Co., 281 F.3d 1229, 1234 (11th Cir. 2002).

The essential facts in this matter are not in dispute. DHS took final action on Roscoe's administrative complaint by issuing

its Final Order on September 3, 2020. (<u>See</u> Doc. 1-1 at 1-9). Included with the Final Order was a Notice of Appeal Rights, which expressly provided that Roscoe had the right to file a civil action in federal court within ninety days after receipt of the Final Order if he did not appeal to the EEOC. (<u>See</u> <u>id.</u> at 5-6). The DHS CRCL sent the Final Order, the Notice of Appeal Rights, and an appeal form to Roscoe via email on September 3, 2020. (<u>See</u> <u>id.</u> at 9). The Certificate of Service noted that "*[f]or timeliness purposes, it shall be presumed that the parties received the foregoing on [September 3, 2020] if sent via email* or within five (5) calendar days after [September 3, 2020] if sent by regular or certified mail." (<u>Id.</u> (emphasis added)).

Roscoe does not dispute that the Final Order[9] was sent to him via email, nor does he contend that he did not receive the Final Order on the date presumed for email service (i.e., September 3, 2020). Moreover, Roscoe does not allege, and the record does not reflect, that he sought to appeal the Final Order to the EEOC. Accordingly, assuming Roscoe received the Final Order on September 3, 2020, as it appears he did, he had ninety days, or until December 2, 2020, to file his civil complaint. Even if the Court were to

---

[9] Roscoe's complaint notes that he received the "Notice-of-Right-to-Sue letter" from the EEOC on August 5, 2020, but it is clear that for timeliness purposes, the controlling date is Roscoe's date of receipt of the Agency's Final Order dated September 3, 2020.

charitably use the Agency's five-day presumption for mail service, making Roscoe's presumed receipt date September 8, 2020, Roscoe would have been required to file his complaint in this action no later than December 7, 2020. However, as noted *supra*, Roscoe did not initiate this civil action until July 1, 2021, long after the ninety-day limitations period had expired.

Roscoe does not contend that his filing was timely, but he instead suggests that he is entitled to equitable tolling of the statutory filing period because he "acted in good faith to try and meet the required deadline but was under the misunderstanding that filing could only take place after full implementation of [the] AJ's Final Ruling in the complaint." (Doc. 12 at 5). Roscoe posits that Defendant has not been "compromised" by his "misunderstanding" and that this case should "be decided on the merits, not on technicalities." (Id.).

"[E]quitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." Lozano v. Montoya Alvarez, 572 U.S. 1, 10 (2014). It is the plaintiff's burden to show that equitable tolling is warranted, and satisfying that burden "requires the party seeking tolling to prove '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Villarreal v.

R.J. Reynolds Tobacco Co., 839 F.3d 958, 971 (11th Cir. 2016) (en banc) (citation omitted). Courts apply equitable tolling sparingly because it is an "extraordinary remedy." Chang v. Carnival Corp., 839 F.3d 993, 996 (11th Cir. 2016) (per curiam). "[T]he interests of justice on which a tardy plaintiff relies do not support a plaintiff who has 'not file[d] h[is] action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running.'" See id. (citation omitted).

Roscoe has not demonstrated that he pursued his rights diligently or that some extraordinary circumstance prevented him from filing his complaint in a timely manner. "'[T]raditional equitable tolling principles require a claimant to justify h[is] untimely filing by a showing of extraordinary circumstances,' such as fraud, misinformation, or deliberate concealment." Bourne v. Sch. Bd. of Broward Cty., 508 F. App'x 907, 910 (11th Cir. 2013) (per curiam) (citation omitted). As Roscoe tacitly acknowledges, his alleged misunderstanding that he could file a civil action only after full implementation of the relief ordered by the AJ amounts at the very best to "excusable neglect." (See Doc. 12 at 1). However, "the principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect." Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96 (1990); see also Chang, 839 F.3d at 996 ("[A] late filing based on

'garden-variety' negligence is not sufficient to warrant tolling.").[10]

As noted *supra*, the Notice of Appeal Rights included with the Agency's Final Order clearly notified Roscoe that he had the right to file a civil action in an appropriate United States District Court "within 90 days after you receive this final decision if you do not appeal to EEOC[.]" (See Doc. 1-1 at 6). Roscoe does not claim, nor could he, that he was misinformed about the applicable filing period; rather, he alleges that he misunderstood. Given that the circumstance that allegedly caused Roscoe's delay – his own misunderstanding as to when he could file a civil action – was neither extraordinary nor beyond his control, it does not provide

---

[10] In his response in opposition to Defendant's motion, Roscoe states: "Plaintiff would like to amend the original complaint, as a matter of right, to include the seeking of punitive damages from Defendant for harm and liability and excusable neglect in regards to timeliness for this filing." (Doc. 12 at 1). To the extent Roscoe wished to amend his complaint, he should have filed an amended complaint or a motion for leave to file an amended complaint, as appropriate. See Fed. R. Civ. P. 15(a). In any event, Roscoe's desired amendments would be futile at this juncture. Roscoe's claims under Title VII are untimely, and equitable tolling is not warranted based on the type of "garden variety claim of excusable neglect" that Roscoe seeks to advance. See Irwin, 498 U.S. at 96. Likewise, punitive damages are not recoverable in a private action against a federal employer under Title VII, the Americans with Disabilities Act, or the Rehabilitation Act. Porterfield v. Berryhill, 2018 U.S. Dist. LEXIS 86478, at *19, 2018 WL 2329771, at *8 (N.D. Ala. May 23, 2018); see Barnes v. Gorman, 536 U.S. 181, 189 (2002); Terry v. Ashcroft, 336 F.3d 128, 153 (2d Cir. 2003). And even if punitive damages were recoverable, an amendment to the damages sought in this case would be moot because Roscoe's claims are due to be dismissed.

a basis for equitable tolling.  See Bray v. Bank of Am., N.A., 763 F. App'x 808, 811 (11th Cir. 2019) (per curiam) ("Neither Bray's pro se status nor his ignorance of the law, by itself, provides a basis for equitable tolling."); Wallace v. United States, 981 F. Supp. 2d 1160, 1164 (N.D. Ala. 2013) ("Neither miscalculation of the limitations period, nor ignorance of the law, constitutes an extraordinary circumstance that would justify equitably tolling of the statute of limitations.").  Moreover, Roscoe has failed to explain how he was diligent in pursuing his claims under Title VII.[11]  Accordingly, Roscoe's Title VII claims are time-barred and are due to be dismissed.

**B.  Roscoe Failed to Administratively Exhaust His Disability Discrimination Claims.**

In his form complaint, Roscoe places checkmarks indicating that he is bringing claims for discrimination based on "[p]hysical disability" and "[m]ental disability" under "the Americans with Disabilities Act, specifically, 42 U.S.C. § 12117."  (Doc. 1 at 2).  Roscoe makes no other allegations that are obviously related

---

[11] In light of Roscoe's failure to satisfy either prong of the equitable tolling test, his unsupported assertion that "Defendants position or case has not been compromised" by his untimely filing (see Doc. 12 at 5) does not afford a basis for equitable tolling. See Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 259 n.5 (2016) (noting that "the absence of prejudice to the opposing party is not an independent basis for invoking the [equitable tolling] doctrine" but rather "a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified") (quotation omitted).

to discrimination, harassment, or retaliation based on disability. (See id.). Because Roscoe was a federal employee, his claims against Defendant for discrimination on the basis of disability are governed not by the Americans with Disabilities Act, but rather by the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* See Shiver v. Chertoff, 549 F.3d 1342, 1344 (11th Cir. 2008) ("The [Rehabilitation] Act prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability.") (quotation omitted); Crawford v. Chao, 158 F. App'x 216, 219 (11th Cir. 2005) (per curiam) ("Since Crawford was a federal employee, his disability discrimination claim falls under the Rehabilitation Act . . . .").

In his motion to dismiss, Defendant argues that Roscoe's claims of discrimination based on physical and mental disabilities are due to be dismissed because Roscoe failed to exhaust his administrative remedies with respect to those claims. (Doc. 10 at 6-8). Roscoe's response to Defendant's motion ignores his putative disability discrimination claims entirely and fails to address Defendant's failure-to-exhaust argument with respect to such claims. (See Doc. 12). Given Roscoe's failure to address Defendant's arguments for dismissal of his disability discrimination claims, Roscoe has abandoned those claims, and his disability discrimination claims under the Rehabilitation Act are due to be dismissed on this ground alone. See, e.g., Coal. for

the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000) ("[F]ailure to brief and argue [an] issue during the proceedings before the district court is grounds for finding that the issue has been abandoned."); Spires v. Dynamic Sec., Inc., 2014 U.S. Dist. LEXIS 199540, at *5, 2014 WL 12746778, at *2 (N.D. Ala. Dec. 17, 2014) ("Spires failed to address Dynamic Security's argument that his retaliation claim is insufficiently pleaded. Consequently, Spires has abandoned that issue, and his retaliation claim is due to be dismissed on those grounds alone.") (internal citation omitted); Heagerty v. Lueder, Larkin, & Hunter, LLC, 2016 U.S. Dist. LEXIS 195799, at *36, 2016 WL 11580705, at *12 (N.D. Ga. Oct. 21, 2016) ("Because Plaintiff has failed to respond to Defendants' arguments or otherwise address his claims under § 1692e(8) in response to Defendants' motion to dismiss, he has abandoned those claims."), report and recommendation adopted, 2016 U.S. Dist. LEXIS 195798, 2016 WL 11580702 (N.D. Ga. Nov. 15, 2016).

Even if Roscoe had responded to Defendant's argument, his disability discrimination claims would still be due for dismissal because he failed to exhaust his administrative remedies. Under the Rehabilitation Act, "a federal employee is required to pursue and exhaust h[is] administrative remedies as a prerequisite to filing suit." Duberry v. Postmaster Gen., 652 F. App'x 770, 772

(11th Cir. 2016) (per curiam).[12]  A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. Gregory v. Ga. Dept. of Hum. Res., 355 F.3d 1277, 1280 (11th Cir. 2004) (per curiam) (quotation omitted).  While judicial claims that amplify, clarify, or more clearly focus the allegations in the EEOC complaint are permitted, a plaintiff may not allege new acts of discrimination in a civil action.  Id. at 1279-80. "Although judicial complaints do not necessarily have to be mirror images of earlier administrative complaints, allegations of new acts of discrimination that are offered as the essential basis for judicial review must nonetheless be presented to the agency." Basel, 507 F. App'x at 876.

Here, it is uncontested that Roscoe never raised claims of disability discrimination with the Agency or EEOC.  Rather, Roscoe alleged only discrimination and harassment/hostile work environment based on race and reprisal for prior EEO activity. (See Doc. 1-1).  Since Roscoe did not present claims for discrimination based on either physical or mental disability at

---

[12] A plaintiff bringing a private action against a federal employer under the Rehabilitation Act must satisfy the requirement of exhaustion of administrative remedies in the manner prescribed by Title VII.  Doe v. Garrett, 903 F.2d 1455, 1461 (11th Cir. 1990); see also Shiver, 549 F.3d at 1344) ("The remedies, procedures, and rights of Title VII are available to plaintiffs filing complaints under the Rehabilitation Act.").

the administrative level, he cannot properly raise such claims before this Court. See Basel, 507 F. App'x at 877; 29 C.F.R. §§ 1614.105(a)(1), 1614.107(a)(2). Accordingly, to the extent Roscoe seeks to raise disability discrimination claims under the Rehabilitation Act, those claims are due to be dismissed based on Roscoe's failure to administratively exhaust them.[13]

## IV.  CONCLUSION

For the reasons set forth above, the undersigned recommends that Defendant's motion to dismiss (Doc. 10) be **GRANTED,** and that this action be **DISMISSED with prejudice.**

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge

---

[13] Because Roscoe's claims are due to be dismissed based upon the grounds identified above, the Court need not address Defendant's argument that it is unclear what meaningful relief this Court can grant Roscoe. (See Doc. 10 at 8-9).

on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **3rd** day of **November, 2021.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
